UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPENCER T. CRUMBSIE, Plaintiff, -against- CORRECTION OFFICER HALL, Shield #2002, Defendant. | 26-CV-6251 (JGLC) (AEK) ORDER OF SERVICE |

ANDREW E. KRAUSE, United States Magistrate Judge:

Plaintiff, who currently is incarcerated at Westchester County Jail, brings this action *pro se*. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated July 27, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**DISCUSSION**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

If the complaint is not served within 90 days from the date a summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Correction Officer Hall through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons for this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to issue a summons for Defendant Hall, complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all of the documents necessary to effect service.

Plaintiff may consent to accept service of documents in this case by email, instead of postal mail, by completing the form, Consent to Electronic Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: July 29, 2026
White Plains, New York

ANDREW E. KRAUSE
United States Magistrate Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

Correction Officer Hall, Shield #2002
Westchester County Jail
10 Woods Road
Valhalla, NY 10595